THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES N. LEBAUER, Appellant.

*Crimes — evidence — issuing false financial statement — insufficient proof of correctness of statement.*

Upon trial of an indictment charging defendant with issuing a false financial statement in violation of section 1293-b of the Penal Law, a statement, apparently prepared by a former employee of defendant at the request of the trustee in bankruptcy, is incompetent as evidence where such former employee is not called as a witness and it nowhere appears how he prepared the statement; what information he had in regard thereto; to what books of the defendant he had access and how correctly it was made.

*People* v. *Lebauer*, 216 App. Div. 714, reversed.

(Argued June 2, 1926; decided July 9, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 26, 1926, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of the crime of issuing a false financial statement in violation of section 1293-b of the Penal Law.

*Joseph Shalleck* for appellant.

*Joab H. Banton, District Attorney (William B. Moore* of counsel), for respondent.

PER CURIAM. This judgment must be reversed. The defendant was convicted under section 1293-b of the Penal Law. Proof of the falsity of the financial statement made by him rests entirely upon two exhibits received in evidence over his objection and exception. Exhibit 1 is a loose leaf ledger of the defendant " reconstructed " by his trustee in bankruptcy by means of exhibit 6. Its accuracy depends ultimately on the accuracy and competency of this last exhibit. This seems to be conceded.

Exhibit 6 is a statement apparently prepared by one Richmond at the request of the trustee. He had at one time been in defendant's employ but at this date was so no longer. Richmond was not called as a witness. How he prepared the statement; what information he had in regard thereto; to what books of the defendant he had access and how correctly it was made nowhere appears. Clearly unconnected as it is in any way with the defendant this statement was incompetent. With it out of the case there is no evidence whatever that the financial report made by the defendant was untrue.

The judgments of the courts below should be reversed and a new trial granted.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgments reversed, etc.